Mr. Justice James
delivered the opinion of the court.
This, is a qui tarn action to recover the penalties provided by the following sections of the Revised Statutes:
“Sec. 2116. No purchase, grant, lease or other conveyance of lands, or of any title or claim thereto, from any Indian nation or tribe1 of Indians, shall be of any validity in law or equity, unless the same be made by treaty or convention entered into pursuant to the Constitution. Every person who, not being employed under the authority of the United States, attempts to negotiate such treaty or convention, directly or indirectly, or to treat with any such nation or tribe of Indians for the title or purchase of any lands by them held or claimed, is liable to a penalty of one thousand dollars.” * * *
“Sec. 2117. Every person who drives or otherwise conveys any stock of horses, mules or cattle, to range and feed on any land belonging to any Indian or Indian tribe, without the consent of such tribe, is liable to a penalty of one dollar for each animal of such stock.”
“Sec. 2118. Every person who makes a settlement on any lands belonging, secured or granted by treaty with the *532 United States to any Indian tribe, or surveys or attempts to survey sucb lands, or to designate any of the boundaries by marking trees, or otherwise, is liable to a penalty of one thousand dollars.” * * *
Authority to bring an action in this form is provided by section 2124, as follows: “All penalties which shall accrue under this title shall be sued for and recovered in an action in the nature of an action of debt in the name of the United States, * * * the one half to the use of the informer, and the other half to the use of the United States.”
The declaration alleges that these penalties have been incurred by acts of the defendant relating to lands owned by the Cherokees, and to lands held by the Cheyenne and Arrapahoe tribes. It contains four counts; two of them under section 2116, and two under section 2118. The first is for an alleged negotiation with the Cherokees; the second for an alleged negotiation with the Cheyennes and Arrapahoes; the third for an alleged settlement and marking of boundaries on lands of the Cherokees, and the fourth for an alleged settlement and marking of boundaries on lands of the Cheyennes and Arrapahoes.
The cause stands for trial on the pleas to the first and second counts, and these issues are not before us. To the third and fourth counts, which allege a settlement and marking of boundaries on lands of the Cherokees and of the Cheyennes and Arrapahoes respectively, the pleas interposd were, first, the general issue; second, a special traverse that’the defendant had entered upon and occupied the lands in question for grazing purposes only, under a license or lease from the Indians, and that without this he had not made any settlement, or surveyed or attempted to survey or designate any boundaries on these lands. On the general issue there was a joinder, and to the special traverse a demurrer. The latter was overruled in the circuit court, and from this order the present appeal is taken. The only question before us then is, whether the case stated affirmatively in the special traverse, constitutes the unlawful act charged in the declaration, for which a penalty is provided by section 2118.
*533 At the argument of the demurrer counsel for plaintiff insisted that, consistently with the plea, it might still be true tliat the defendant had surveyed and marked boundaries on these lands, and that plaintiff’s allegation to that effect — constituting, as he claimed, a distinct offence under the statute — was therefore admitted by the plea. This objection ignores the character of the plea. The object of a special traverse is to accompany the direct denial of plaintiff’s averment with an explanation of the ground on which that denial is based. This explanation takes the form of an affirmative statement of what the defendant had actually done, and it is put forward as a disproof and defeat of the plaintiff’s alleged case. Stated in technical language, the defendant may be understood to say: “What I actually did was as follows, and this is not equivalent to the act which plaintiff avers; therefore I wholly deny his averment.” In this way he presents separately a question of law, whether the case stated by himself, which he offers to prove, is equivalent to the case stated against him, or, on the contrary, disproves the latter and justifies a denial of it. In the plea before us the defendant directly and fully denies that he made any settlement, or surveyed or marked boundaries as alleged. But in his “inducement” he explains that he so denies because he had simply occupied these lands for grazing purposes only, and this under a lease or license from the Indians. There is no room, therefore, for the criticism that such a plea is consistent with his having surveyed and marked boundaries, and consequently admits the allegation that he had done- so. The only question raised by the demurrer, then, is whether the case stated affirmatively by the defendant still amounts to the case stated in the declaration, and subjects the defendant to the penalties of the statute. This brings us to a consideration of the meaning of the statute.
Section 2111 forbids any person to drive cattle into these lands to range and feed, unles^ with the consent of the Indians by whom they are held; but it clearly permits them to do so with such consent. So far as this section is con *534 cerned, any person may make any arrangement with the Indians which is limited to that particular use of their lands, and such an. arrangement may define the extent of land to he so used and the time for which it shall be used, and it may provide for an exclusive use for such purpose during that time. In other words, section 2111 does not forbid, but permits, an occupation of Indian lands, with the consent of the Indians, to the extent of using them for grazing purposes only; that is to say, such occupation is lawful, for aught that is contained in that section, and is not subject to the penalty. Does it fall within the scope and-intent of the next section, which forbids settlement on the lands of the Indians, whether with or without their consent ? We think that, when these two sections are considered together, it is clear that the “ settlement ” referred to is an act which involves appropriation of the land, in exclusion of any title or right of the Indians, and that the survey and marking of boundaries mentioned are acts having reference, to the same end. A license or lease for grazing purposes only, that is for a limited use, subordinate to the title of the Indians and recognizing that title, involves none of the pretensions which section 2118. is intended to suppress. It does not in any way involve dispossession of the Indians, nor contemplate such dispossession. We are of opinion, therefore, that the case stated in the affirmative part of this plea sustains the direct denial with which the plea concludes. The demurrer is consequently overruled, and the cause is remanded for further proceedidgs.